Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

### RECEIVED

for the

_____ District of _____

NOV 2 1 2025

_____ Division

**CLERK OF DISTRICT COURT
SOUTHERN DISTRICT OF IOWA**

|  |  |
|---|---|
| ) | Case No. *C p7-10 24 8 28 L3* |
| ) | *(to be filled in by the Clerk's Office)* |
| ) | |

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

Jury Trial: *(check one)* ☐ Yes ☐ No

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name                    *Horace Cunningham*
Street Address          *979 OKridge Avenue East*
City and County         *Polk DesMoines IA*
State and Zip Code      *50314*
Telephone Number        *515-525 3661*
E-mail Address          _____

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | IA State Fair |
| Job or Title (if known) | Maintenance Worker |
| Street Address | 3000 E Grand Ave |
| City and County | Des Moines    Polk |
| State and Zip Code | IA    50317 |
| Telephone Number | 515 262 3111 |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question                    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

     b.     If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under
the laws of the State of *(name)* _____ , and has its
principal place of business in the State of *(name)* _____I.S.F._____ .
Or is incorporated under the laws of *(foreign nation)* _____ ,
and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.     The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff       _____
Printed Name of Plaintiff    _____

### B.   For Attorneys

Date of signing: _____

Signature of Attorney        _____
Printed Name of Attorney     _____
Bar Number                   _____
Name of Law Firm             _____
Street Address               _____
State and Zip Code           _____
Telephone Number             _____
E-mail Address               _____



**RECEIVED**

NOV 2 1 2025

**CLERK OF DISTRICT COURT
SOUTHERN DISTRICT OF IOWA**

## PRELIMINARY CASE REVIEW

CP # 10-24-82813

EEOC # 26A-2025-00135

**Areas**: Employment; Retaliation

**Bases**: Race, Skin Color, National origin, Age

**Complainant**: Horace Cunningham[1]

**Respondent**: Iowa State Fair/State of Iowa

---

**Adverse Action 1**: Harassment
**Date**: October 17, 2024

**Adverse Action 2**: Termination
**Date**: October 17, 2024

**Adverse Action 3**: Retaliatory Termination
**Date**: October 17, 2024

---

## COMPLAINANT'S ALLEGATIONS

Relevant Factual Allegations:

Complainant (Jamaican, black, 75[2]) was hired by Iowa State Fair (hereinafter Respondent) in April of 2019 in a maintenance position.

On the IOCR complaint form Complainant wrote the following summary: "On October 17 2024 @ 1139AM I was riding in a golf cart on 32 dean avenue close to the fairground where the warehouse is stopped to pick up another worker a third employee was driving a tractor this told me to get out of the street, you craze mother F- and then proceed to try to run me over when I attempted to get out his way another vehicle was coming towards me and I had to maneuver the golf cart I was driving to the right side of the road to avoid being hit another vehicle was coming to hit me, the same workers became upset and threatened me, at noon I went to the break room to have lunch my immediate supervisor, provided me with, a letter notifying me that the 17 would be my last day of employment there. To this date my immediate supervisor had informed me that my last day of employment, would be Thursday – October 24 – 2024 prior to this incident I had not advised my immediate supervisor of the previously mentioned incident, I had not advised my immediate the incident. To me and when I trying to let him, no my side of the problem he told me I did not want to hear my recollection of the event, that had occurred, when workers want get at me all ways blame me, he took the other side I believe was discriminated and retaliated"

---

[1] Complainant wrote his complaint by hand and a majority of it is difficult to decipher. The analysis below is based on what the screener could gather from what was written. A large amount is not included due to the inability to determine what Complainant's assertions were.

[2] Complainant's birthdate is 5/29/1950

On the IOCR complaint form when Complainant was asked "do you believe you were retaliated against because you reported discrimination to someone within the organization, filed a complaint with the [IOCR], or participated as a witness in an anti-discrimination agency proceeding?" Complainant wrote, "yes." When Complainant was asked, "if yes, what did you report or complain about, and to whom?" Complainant responded with, "I told my supervisor what happened and he told me he don't want to know what happened to me." When Complainant was asked to "state what happened to you as a result of your report or complaint." Complainant wrote, "I was termination."[3]

Complainant also provides a letter from his supervisor, Clinton Wallace (Caucasian, 39) that states, "This letter is to notify you that Thursday, October 17, 2024, will be your last day of employment for the 2024 season. I have enjoyed working with you and want to thank you for all of your efforts in helping to make this a successful season at the Iowa State Fair. I cannot stress enough how much I appreciate your efforts."

Retaliation:

In the IOCR retaliation questionnaire, Complainant writes "DNA = I don't know" at the top of the page. Complainant then writes "no" when asked if he filed a previous complaint of discrimination, and if he provided information or were interviewed regarding his complaint. From there he wrote "DNA" for most of the questions. However, when Complainant was asked "who at the Respondent knew about your previous complaint? Give names and position titles. Howe did they know? When did they find out?" Complainant wrote, "Clinton Wallace was aware of the ill treatment from the other workers."

Complainant does not provide a response to the Harassment and Termination IOCR questionnaires.

Relevant Information/Documents:
- IOCR Complaint Form
- IOCR Questionnaire
- Complainant's termination letter

## RESPONDENT'S REASONS

Relevant Factual Allegations:

Respondent operates a company that organizes events in Des Moines, Iowa. Complainant was hired in 2019 in a seasonal maintenance position. Respondent has supported its claims with the IOCR questionnaires completed by the HR director, Stacy Jorgensen (protected statuses unknown), Wallace, and the maintenance repairer, Kurt Fredregill (protected statuses unknown).

Retaliation:

Respondent states that Complainant never filed any complaint of discrimination during his employment, and this IOCR complaint is the first time Respondent was made aware of any issue

---

[3] All quotes contained herein are verbatim. Any alterations are denoted in brackets.

2

Complainant claims he had with discrimination.

Termination:

On November 7, 2024, Jorgensen received an email from Wallace detailing the events on October 17, 2024. The email states, "Events of Oct. 17th:

    a.    I do know the exact details of the multiple interactions between Kurt F. and Horace that occurred on Oct. 17th, 2024.

    b.    [Complainant's] position was terminated due to the safety concern of driving the golf cart across multiple lanes on Dean Ave. and stopping in the middle of the lane combined with the instances mentioned above.

    c.    The golf cart is intended to drive on the green space between the fence and the curb in order to pick up the garbage and to stay away from the flow of traffic.

    d.    Rather than terminating [Complainant] for these actions so he could not receive the opportunity to collect his unemployment benefits, I issued a note of his good standing in an effort for all parties to go their separate ways safely. That way, Horace would retain his right to apply for those benefits.

    e.    [Complainant] mentions my lack of interest in his version of events between Kurt and himself. This is due to the fact that their interactions did not factor into my decision of moving up Horace's last day of seasonal employment. It was the reckless nature of his attempt to cross Dean Ave and then stopping in the driving lane with the golf cart. I felt this was a behavior that risked the lives of him and the other person on the golf cart in a reckless and careless fashion."



On November 8, 2024, Fredgrill emailed Jorgensen detailing his side of what happened between him and Complainant. The email states, "I was coming back from west warehouse with tractor and water wagon 2500 gallon water wagon I turned on dean to go back in gate 8, it was The Thursday before monster truck show and I was going to work on track, so when I turned on dean from getting water wagon and was going down dean to the east and I see [Complainant] on a golf cart going down middle of dean,I was behind him a little ways and then all of a sudden he stopped in the middle of road I cannot see behind me because of water wagon and I am in the tractor with big water wagon behind me not sure how many cars where behind me and he hold up his hand for me to stop fast and the tractor and water wagon is not going to stop as fast as the golf cart, I almost hit him but I got stopped I could not go around him can't see behind me to see if there was any cars if there would have been any cars behind me they could have run into the back of water wagon from me stopping as fast as I did, then [Complainant] sat there in the middle of road and was stopped I told him to get in the grass out of the road where he would be out of the way he was supposed to be picking up trash on outside of fence why he was on a golf cart in the middle of road I have no idea what he was doing in the road, I yelled at him then he was just staring at me like he didn't know what the problem was or what he was doing and I yelled at him again to get in grass out of the way finally move in right hand lane into traffic and I called Clinton on the radio told him next time I might not be able to stop, so I went up to shop told Clinton what happened and I want down to track to start working on the track and I worked a little into my lunch to try to avoid any more confrontation with [Complainant], but here he come on the golf cart calling me a stupid individual I told him just to shut up and he didn't he kept saying that and following

3

me into break room and I kept telling him to shut his mouth, now we are in the break room and he is still running his mouth and I called Clinton on the phone and told him to get [Complainant] to shut his mouth, [Complainant] was saying I was messing with the wrong person and threatening me I heard something about hitting, and I had enough I told him to shut his mouth because I called Clinton and told him [Complainant] was going to be leaving in a ambulance if he didn't shut his mouth I told Clinton that on the phone and told that to [Complainant's]face. He needed to shut his mouth he still run his mouth I went and got a pop [Complainant] was still running his mouth I walk away again out of break room and he was still running his mouth I walk out and Clinton was going back to break room and [Complainant] started running his mouth to Clinton I walked into mechanic shop and tried to calm down and drink my pop, not sure what was said after that in break room but then see [Complainant] and Clinton out front of shop and [Complainant] was going to his car he got up by his car and threatened Clinton and [Complainant] was running his mouth the whole time he slammed passenger door and then got in and left."

Relevant Information/Documents:
- IOCR Questionnaires
- General maintenance job description
- Wallace November 7, 2024, email to Jorgensen
- Fredregill November 8, 2024, email to Jorgensen

---

## STANDARD

The Iowa Office of Civil Rights (IOCR) issues Tier One investigation decisions based on the information collected to date. If the information indicates a "reasonable possibility of a probable cause determination or the legal issues in the complaint need development" the IOCR will retain the complaint for further investigation. Iowa Admin. Code r. 161—3.26(5). During the Tier One investigation stage, the IOCR draws all "rational, reasonable, and otherwise permissible" inferences in Complainant's favor. *See Phillips v. Covenant Clinic*, 625 N.W.2d 714, 718 (Iowa 2001) (quoting *Butler v. Hoover Nature Trail, Inc.*, 530 N.W.2d 85, 88 (Iowa Ct. App. 1994)). Importantly, the IOCR does not evaluate credibility at this stage, and instead evaluates only whether the stated facts create a "reasonable possibility" for a probable cause finding. The IOCR relies in part on its own experience and expertise with the Iowa Civil Rights Act (ICRA), while remaining mindful that many cases turn on circumstantial—rather than direct—evidence of discrimination. *Ritz v. Wapello Cty. Bd. of Supervisors*, 595 N.W.2d 786, 791 (Iowa 1999).

---

## ANALYSIS

**Adverse Action 1:** Harassment
**Date:** October 17, 2024

Timely?              ☒ Yes        ☐ No        ☐ Undetermined

"Except as otherwise provided in section 614.8, a claim under this chapter shall not be maintained unless a complaint is filed with the agency within three hundred days after the alleged discriminatory or unfair practice occurred." Iowa Code § 216.15(13).

4

Complainant filed their complaint on October 31, 2024. Therefore, all adverse actions occurring on or after January 5, 2024, are timely.

Because this adverse action was not filed within 300 days of the occurrence, no further investigation by the IOCR is warranted.

Complainant asserts they were harassed by Kurt Fredregill, who was likely their coworker for purposes of this claim of harassment. To establish a valid claim for harassment, Complainant must show: (1) they belong to a protected group; (2) they were subjected to unwelcome conduct; (3) the conduct was based on or because of a protected characteristic; and (4) the conduct affected a term, condition, or privilege of employment. *Shaver v. Indep. Stave Co.*, 350 F.3d 716, 720 (8th Cir. 2003); *see also Boyle v. Alum-Line, Inc.*, 710 N.W.2d 741, 746 (Iowa 2006). For claims against a co-worker, Complainant must also show (5) that the employer knew or should have known of the conduct and failed to take proper remedial action. *Quick v. Donaldson Co.*, 90 F.3d 1372, 1377 (8th Cir. 1996).

Element 1    ☒ Yes        ☐ No        ☐ Undetermined

Complainant is a member of a protected group based on him being Jamaican, having black skin, and being 75 years old.

Element 2    ☒ Yes        ☐ No        ☐ Undetermined

A court may consider all the circumstances surrounding the conduct to determine whether it was welcome. *See, e.g., Meritor Sav. Bank v. Vinson*, 477 U.S. 57 (1986). For conduct to be unwelcome, Complainant's own actions must indicate the alleged harasser's conduct was unwelcome. *Hocevar v. Purdue Frederick Co.*, 223 F.3d 721, 728-29 (8th Cir. 2000).

Complainant states that Fredregill almost ran him over with his tractor. Considering the severity of this conduct, and the threat of physical harm to Complainant. It is presumed that the conduct was unwelcome.

Element 3    ☐ Yes        ☒ No        ☐ Undetermined

Conduct must be based on a protected characteristic; Title VII is not a general civility code for the American workplace. *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 831 (8th Cir. 2002). Ostracism and rudeness by supervisors and co-workers do not rise to the level of an adverse employment action. *Id.* Conduct is based on or because of a protected characteristic when a person or persons of that characteristic is "exposed to disadvantageous terms or conditions" and a person or persons not of that characteristic is not exposed to such terms or conditions. *Quick v. Donaldson Co., Inc.*, 90 F.3d 1372, 1379 (8th Cir. 1996) (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 25 (1993) (Ginsburg, J., concurring)).

Complainant does not provide any information to indicate that the conduct taken toward him was based on Complainant's protected characteristics.

5

Element 4      ☒ Yes          ☐ No          ☐ Undetermined

For the alleged harassment to have affected a term, condition, or privilege of employment, it must be severe or pervasive. *Parada v. Great Plains Intern. of Sioux City, Inc.*, 483 F. Supp. 2d 777, 801 (N.D. Iowa 2007). For conduct to be severe or pervasive, it "must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive and one that the victim in fact did perceive to be so." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998). Alleged harassment is objectively offensive based on the frequency of the conduct; the conduct's severity; whether the conduct was physically threatening or humiliating; and whether the conduct unreasonably interfered with Complainant's job performance. *Harris*, 510 U.S. at 23.

Complainant states that there was one incident and one incident is not enough to consider this conduct pervasive. Complainant asserts that Fredregill attempted to run him over with a tractor. This conduct would be considered hostile, and physically threatening. Therefore, the conduct taken toward Complainant would qualify as severe.

Element 5      ☒ Yes          ☐ No          ☐ Undetermined

"Once an employee complains to her employer about sexual harassment by a coworker, the employer is on notice and must take proper remedial action to avoid liability under Title VII." *Hathaway v. Runyon*, 132 F.3d 1214, 1222 (8th Cir. 1997). Respondent's duty to investigate and take proper remedial action can arise from a verbal complaint; a formal written complaint is not needed to place Respondent on notice. *See Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 578 F.3d 787, 802 (8th Cir. 2009).

In addition to conducting an investigation, the employer must take prompt remedial action reasonably calculated to end the harassment. *Hathaway*, 132 F.3d at 1224. The employer cannot avoid liability by doing nothing simply because the co-worker denies the harassment occurred. *Id.* (citing *Fuller v. City of Oakland*, 47 F.3d 1522, 1529 (9th Cir. 1995)). An employer must take prompt remedial action after it knew or should have known of harassment. *Sandoval*, 578 F.3d at 801.

A decision on whether the response was reasonable involves the consideration of factors such as: the amount of time elapsed between the notice of harassment and the remedial action; the options available to the employer such as employee training sessions, disciplinary action taken against the harasser(s), reprimands in personnel files, and terminations; and whether or not the measures ended the harassment. *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 633 (8th Cir. 2000). Options for appropriate remedial action include taking disciplinary action to stop the harassment; transferring the alleged harasser to a different area where they would not come in contact with the complainant; scheduling the individuals involved on different shifts; putting a signed written warning or reprimand in personnel files; and placing the offending employee on probation pending any further complaints. *Hathaway*, 132 F.3d at 1224.

Complainant states that he tried to tell his supervisor his side of the incident, but was ignored. Respondent admits that Wallace ignored Complainant's complaint because he had planned to terminate Complainant due to his earlier conduct. This indicates that Respondent failed to take prompt remedial action.

6

Because Complainant has not satisfied all of the necessary elements of the adverse action, further investigation is unwarranted.

## FURTHER INVESTIGATION WARRANTED
☐ Yes          ☒ No

<u>Adverse Action 2</u>: Termination
<u>Date</u>: October 17, 2024

| | | | |
|---|---|---|---|
| Timely? | ☒ Yes | ☐ No | ☐ Undetermined |
| Is there direct evidence? | ☐ Yes | ☒ No | ☐ Undetermined |

Complainant can prove unlawful discrimination through direct evidence or indirectly through inference using the pretext analytical model. *Butler v. Crittenden Cty., Ark.*, 708 F.3d 1044, 1050 (8th Cir. 2013) (citing *Young-Losee v. Graphic Packaging Int'l, Inc.*, 631 F.3d 909, 912 (8th Cir. 2011); *Price Waterhouse v. Hopkins*, 490 U.S. 228, 242 109 S. Ct. 1775 (1989). Complainant must show the adverse action "'occurred under circumstances giving rise to an inference of discrimination,'" and Complainant's status as a protected class member was a motivating factor in the decision. *DeBoom v. Raining Rose, Inc.*, 772 N.W.2d 1, 13 (Iowa 2009) (citations omitted).

<u>Prima Facie Case</u>:

A claim that is not supported by direct evidence can proceed under the three-stage, burden-shifting standard set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). Under the *McDonnell Douglas* burden-shifting approach, Complainant must establish a prima facie case of discrimination. Once a prima facie case is established, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employment decision. If the employer articulates such a reason, the presumption disappears and the complainant bears the burden of proving that the employer's proffered reason is merely a pretext for discrimination. *Id.*

To establish a prima facie case of discrimination in employment under the *McDonnell Douglas* method of proof, Complainant must initially prove (1) membership in a protected class, (2) Complainant was qualified for the employment at issue, (3) Complainant suffered an adverse employment action, and (4) there are circumstances giving rise to an inference the adverse action was based on an impermissible consideration. *Butler*, 708 F.3d at 1050; *Valline v. Murken*, 2003 WL 21361344 at *3 (Iowa Ct. App. June 13, 2003) (unpublished); *Hamer v. Iowa Civil Rights Comm'n*, 472 N.W.2d 259, 264 (Iowa 1991). The burden of establishing a prima facie case of disparate treatment is not onerous. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

| | | | |
|---|---|---|---|
| Element 1: | ☒ Yes | ☐ No | ☐ Undetermined |

See Element 1 of Adverse Action 1.

| | | | |
|---|---|---|---|
| Element 2: | ☒ Yes | ☐ No | ☐ Undetermined |

7

Presumptively Complainant was qualified for the employment at issue considering Complainant was hired by Respondent.

Element 3:            ☒ Yes            ☐ No            ☐ Undetermined

Complainant asserts that they were terminated from their position, and termination is an adverse employment action.

Element 4:            ☐ Yes            ☒ No            ☐ Undetermined

Complainant states that he was terminated from his position, and that Wallace knew about his ill treatment from his coworkers. However, Complainant does not provide any evidence regarding how his termination was related to any of his protected characteristics. Based on the evidence provided, these circumstances do not give rise to the inference that Complainant's termination was based on the impermissible consideration of Complainant's Race, Skin Color, National Origin, or age.

Because Complainant has not satisfied all of the necessary elements of the adverse action, further investigation is unwarranted.

## FURTHER INVESTIGATION WARRANTED
☐ Yes            ☒ No

<u>Adverse Action 3</u>: Retaliatory Termination
<u>Date</u>: October 17, 2024

Timely?            ☒ Yes            ☐ No            ☐ Undetermined

Is there direct evidence?            ☐ Yes            ☒ No            ☐ Undetermined

Complainant can prove unlawful discrimination through direct evidence or indirectly through inference using the pretext analytical model. *Butler v. Crittenden Cty., Ark.*, 708 F.3d 1044, 1050 (8th Cir. 2013) (citing *Young-Losee v. Graphic Packaging Int'l, Inc.*, 631 F.3d 909, 912 (8th Cir. 2011); *Price Waterhouse v. Hopkins*, 490 U.S. 228, 242 109 S. Ct. 1775 (1989). Complainant must show the adverse action "'occurred under circumstances giving rise to an inference of discrimination,'" and Complainant's status as a protected class member was a motivating factor in the decision. *DeBoom v. Raining Rose, Inc.*, 772 N.W.2d 1, 13 (Iowa 2009) (citations omitted).

<u>Prima Facie Case</u>:

To establish a prima facie case of retaliation under the ICRA, an aggrieved individual must show: (1) they engaged in a statutorily protected activity; (2) they suffered an adverse action; and (3) there are circumstances supporting an inference that there is a causal connection between Complainant's protected activity and Respondent's actions. *City of Hampton v. Iowa C.R. Comm'n*, 554 N.W.2d 532, 535–36 (Iowa 1996). The burden of establishing a prima facie case is not onerous. *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981); *see also Johnson v. Securitas Sec. Serv. USA, Inc.*, 728 F.3d 754,

8

760 (8th Cir. 2013); *Smidt v. Porter*, 695 N.W.2d 9, 14–15 (Iowa 2005). Under the ICRA, a complainant need only prove that their protected activity was a motivating factor in the challenged employment action. *Haskenhoff v. Homeland Energy Sols., LLC*, 897 N.W.2d 553, 634 (Iowa 2017) (Appel, J., concurring in part and dissenting in part); *Id.* at 602 (Cady, C.J., concurring in part and dissenting in part) (agreeing that the correct standard is "motivating factor"); *see also DeBoom v. Raining Rose, Inc.*, 772 N.W.2d 1, 13 (Iowa 2009).

Element 1:          ☐ Yes          ☒ No          ☐ Undetermined

The ICRA prohibits any person from retaliating against another because they have "lawfully opposed any practice forbidden by," "obeys the provisions of," or "has filed a complaint, testified, or assisted in any proceeding under" Chapter 216 of the Iowa Code. Iowa Code § 216.11(2). Courts have found protected activities include internal and informal complaints about discrimination. *Gagnon v. Sprint Corp.*, 284 F.3d 839, 854 n.4 (8th Cir. 2002), *abrogated on other grounds by Desert Palace v. Costa*, 539 U.S. 90 (2003). Complainant need not show the conduct they opposed was in fact discriminatory, but must show "a good faith, reasonable belief" the conduct was discriminatory. *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 634 (8th Cir. 2000).

Complainant does not state that he engaged in any protected activity, and because there is no protected activity no further analysis can be made regarding retaliatory termination. Complainant states he was notified of his early termination prior to attempting to inform Wallace about his harassment. So, even if Complainant had performed the protected activity of filing a complaint of discrimination. His termination was already set, and would have occurred before his complaint, not in retaliation of it.

Because Complainant has not satisfied all of the necessary elements of the adverse action, further investigation is unwarranted.

## FURTHER INVESTIGATION WARRANTED
☐ Yes          ☒ No

---

**RECOMMENDATION**          ☐ Refer for Further Investigation          ☒ Administratively Close

The IOCR's administrative rules provide the standard for Tier One Investigations. "The Tier One Investigation process will determine whether further investigation is needed." Iowa Admin. Code r. 161—3.26(5). "If further investigation is not warranted, the complaint will be administratively closed. Further processing is warranted when the submitted information indicates a reasonable possibility of a probable cause determination or the legal issues in the Complaint need development." *Id.* Probable cause exists where there are reasonable grounds to believe discrimination has occurred. *Wilson v. Hayes*, 464 N.W.2d 250, 261–62 (Iowa 1990) (citing 52 Am.Jur.2d *Malicious Prosecution* § 51, at 219).

/s/ Anthony Panwnell

---

Anthony Pawnell
Civil Rights Specialist

9